### MOTION FOR RE-ARGUMENT.

(Submitted December 15, 1924; decided December 19, 1924.)

CARDOZO, J.　We did not intend by our opinion to foreclose consideration by the trial court of the measure of recovery.

The complaint is equivocal.　If it is based upon the theory of rescission with an accompanying right to restitution, the recovery must be measured by the money paid by the plaintiff for which no equivalent has been received (2 Williston on Sales [2d ed.], sec. 600, pp. 1503, 1505, 1506; 2 Sedgwick on Damages, sec. 733A).　If it is based upon the theory of the breach of an outstanding contract, we assume, though we do not decide, that the recovery must be measured by the value of the rubles. In that view, the election made or permitted at the trial will determine the result.

The doctrine of frustration will be inapplicable, whether the contract be rescinded or affirmed, since the plaintiff makes no claim for profits in excess of his investment.

There is no need to consider the defendant's liability for interest.　Interest is not demanded for any period prior to the date of the dishonor of the drafts.　If the plaintiff may be held to have received some benefit from the defendant through the enjoyment of banking facilities while the account was running, the defendant's intermediate use of his money without interest must be held to be a full equivalent.

The motion for a re-argument must be denied.

HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

LEHMAN, J.　I concur in the denial of the motion for a re-argument, but in my opinion the plaintiff may recover only the value of the rubles in his deposit account, regarded for that purpose as a *res*, whether the action be technically for breach of contract or to enforce a quasi-contractual obligation.

Motion denied.